**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**NORTHERN DIVISION**

| | | |
|---|---|---|
| BRIAN CRAIG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15CV68 NCC |
| | ) | |
| SCOTLAND COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

Plaintiff seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. The motion is granted. Additionally, after careful review, the Court finds that the complaint must be dismissed without further proceedings.

### Standard of Review

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## Background

Plaintiff is a civilly committed resident at Fulton State Hospital. He has been adjudicated to be a Sexually Violent Predator under Missouri's Sexually Violent Predator Act (the "Act"), Mo. Rev. Stat. §§ 632.480 - 632.513. *In re Brian Craig*, No. 10SE-PR00029 (Scotland County). Under the Act, the director of the department of mental health or a designee is required to conduct an annual examination of each committed person's mental condition. Mo. Rev. Stat. § 632.498. The Act requires that the yearly report be provided to the court that committed the person. *Id.* The Act also provides for a hearing if the committed person petitions for release. *Id.* According to the docket sheet in plaintiff's state court case, the most recent annual report was submitted to the court on February 26, 2015.

## The Complaint

Plaintiff brings this action against Scotland County under 42 U.S.C. § 1983. The nature of plaintiff's allegations are unclear and poorly drafted. He states repeatedly that he seeks to hold Scotland County liable because Judge DeMarce, who is presiding over his probate case, "allowed unlawfully colored annual report entrance to court record . . ." Plaintiff asserts generally that DeMarce has not complied with the provisions of the Act.

## Discussion

To state a claim against Scotland County, plaintiff must allege that a policy or custom of Scotland County is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services*, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of Scotland County itself was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted.

Many of the allegations in the complaint are directed against Judge DeMarce in his capacity as a judge. Plaintiff may not sue DeMarce, however, because he is "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" *Penn v. United States*, 335 F.3d 786, 789 (8th Cir. 2003) (quoting *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991)).

For these reasons, the complaint must be dismissed under 28 U.S.C. § 1915(e).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice.

An Order of Dismissal will be filed separately.

Dated this 9th day of October, 2015

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE